**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MIDDLE EAST FORUM**<br>**1500 Walnut Street, Suite 1050**<br>**Philadelphia, PA 19102**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES DEPARTMENT OF HOMELAND SECURITY**<br>**245 Murray Lane, SW**<br>**Mail Stop 0485**<br>**Washington, D.C. 20528**<br><br>**Defendant.** | ) | **Civil Action No. 17-767** |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff MIDDLE EAST FORUM ("MEF") for its complaint against Defendant UNITED STATES DEPARTMENT OF HOMELAND SECURITY ("the Department" or "DHS"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production of records in response to a FOIA request received by DHS on January 10, 2017, which request was improperly routed, and unlawfully closed without providing any documents to the plaintiffs.

2. In a request received by DHS on January 10, 2017, plaintiffs sought under FOIA "a copy any document related to the criteria used by the Department of Homeland Security (DHS) for evaluating and awarding Countering Violent Extremism (CVE) grants that

began to be distributed by DHS on December 1, 2016, that have been announced and will continue to be announced in the proceeding months" as well as "any documents that provide information concerning what applicants were awarded grants… which were denied grants, and… the reasons they were accepted or denied."

3. Plaintiffs expressly noted in their FOIA request the probable location of responsive records. Specifically, plaintiffs stated that the relevant "program is run by the recently created Office for Community Partnerships at DHS, which is headed by Director for Community Partnerships George Selim, and Deputy Director of the Office for Community Partnerships, Mr. David Gersten." Plaintiffs further specified that "while assorted documents may be found in other offices, especially the Office for Civil Rights and Civil Liberties (CRCL)… most if not all of the documents sought should be in the hands of Mr. Selim, Mr. Gersten, or others that work for or with them at DHS with Community Partnerships."

4. In the request, plaintiff requested a fee waiver as provided by FOIA, due to the public interest in the information the records address, and the media and educational status of each requester.

5. Plaintiffs received no response whatsoever from DHS until March 23, 2017, at which time plaintiffs, through their Washington Project Director, Clifford Smith, called DHS to inquire as to the status of the request..

6. In a March 23, 2017 telephone call with Ebony Livingston, a FOIA Officer for DHS, plaintiffs were informed that the FOIA request at issue was routed to the Federal Emergency Management Agency ("FEMA"), assigned tracking number

#2017FEFO00923, and subsequently closed with no responsive records having been located or produced. Insofar as the request was closed, DHS never ruled on the plaintiff's entitlement to a fee waiver.

7. DHS offered no explanation for routing the request to FEMA, or for ignoring plaintiff's suggestion regarding the probable location of responsive records at issue. On information and belief, DHS never conducted a search for records in the locations plaintiffs identified as likely to hold responsive records.

8. Accordingly, plaintiffs file this lawsuit to compel the Department to comply with the law, to search for, and to produce the properly described public records in the FOIA request, without seeking fees.

## PARTIES

9. Plaintiff Middle East Forum ("MEF") has been an independent tax-exempt 501(c) (3) nonprofit organization based in Philadelphia since 1994. MEF promotes American interests in the Middle East and protects Western values from Middle Eastern threats. The Forum sees the region — with its profusion of dictatorships, radical ideologies, existential conflicts, border disagreements, corruption, political violence, and weapons of mass destruction — as a major source of problems for the United States. Accordingly, MEF urges bold measures to protect Americans and their allies. In the Middle East, MEF focuses on ways to defeat radical Islam; work for Palestinian acceptance of Israel; develop strategies to contain Iran; and deal with the great advances of anarchy. At home, MEF emphasizes the danger of lawful Islamism; protects the freedoms of anti-Islamist authors, activists, and publishers; and works to improve Middle East studies.

10. Defendant DHS is a federal agency headquartered in Washington, D.C.

## JURISDICTION AND VENUE

11. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this is brought in the District of Columbia, and because the defendant is headquartered in the District. Furthermore, jurisdiction is proper under 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

12. Venue in this court is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because FOIA grants the District Court of the District of Columbia jurisdiction, and because DHS is a federal agency.

## FACTUAL BACKGROUND

13. In the FOIA request at issue in this suit, plaintiff sought certain DHS public records held by the certain described and identified DHS offices, component parts, and/or employees. The requested records contained information as to which applications for certain described grants were accepted or rejected, and what criteria DHS used to make such decisions.

14. The request included a detailed explanation of why MEF was entitled to a fee waiver under FOIA.

15. Specifically, MEF discussed at length in its request its entitlement to a fee waiver under 5 U.S.C. § 522(a)(4)(A)(iii) (because the request was in the public interest).

16. MEF also discussed its entitlement to a fee waiver under 5 U.S.C. § 522(a)(4)(ii)(II) (because MEF is an educational institution).

17. MEF also discussed its entitlement to a fee waiver under 5 U.S.C. § 522(a)(4)(A)(ii)(II) as a media outlet.

18. At no time did MEF ever receive written confirmation that DHS had received or was processing the request.

19. Puzzled by the lack of any written response from DHS, MEF employee Clifford Smith called DHS on March 23, 2017.

20. In the March 23, 2017 telephone conversation, MEF was informed that the FOIA request at issue was routed to the Federal Emergency Management Agency ("FEMA"), assigned tracking number #2017FEFO00923, and subsequently closed with no responsive records having been located or produced.

21. Insofar as the request was closed, DHS never ruled on the plaintiff's entitlement to a fee waiver.

22. On information and belief, DHS never searched for records in the locations MEF stated such records were likely to be found.

23. MEF was never notified of any rights to an administrative appeal.

## ARGUMENTS

24. Transparency in government is the subject of high-profile promises from the president and attorney general of the United States arguing forcefully against agencies failing to live up to their legal record-keeping and disclosure obligations.

25. Under the Freedom of Information Act, after an individual submits a request, an agency must determine within 20 working days after the receipt of any such request whether to comply with such request. 5 U.S.C.S. § 552(a)(6)(A)(i). Under *Citizens for Responsible*

*Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must provide particularized assurance of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions. This 20-working-day time limit also applies to any appeal. § 552(a) (6)(A)(ii).

26. U.S. Code 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period. DHS did not seek additional information from plaintiff regarding the request at issue in this suit.

27. FOIA provides that an agency is required to forward a FOIA request to the appropriate office and to search for records in a location where such records are likely to be found. Section 6(a)(1) of the OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524 requires an agency to forward any misdirected FOIA requests received by them to the proper FOIA office within the agency, within ten working days. The search for responsive records must be reasonable. *Itrurralde v. Comptroller of the Currency*, 315 F. 3d 311, 315 (D.C. Cir. 2003); *Steinberg v. DOJ*, 23 F.3d 48, 551 (D.C. Cir. 1994).

28. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with a*ny time limit'* of FOIA" (*emphasis added*).

29. Defendant DHS owes plaintiff records responsive to the request at issue in this suit, which requests reasonably described the information sought and were otherwise filed in compliance with applicable law, subject to legitimate withholdings, and has failed to provide responsive records or any substantive response in violation of statutory deadlines.

30. It was unreasonable for DHS to mis-direct the FOIA request at issue in this case and then close the request, insofar as MEF specifically identified the offices and other relevant locations where records ought to have been located, and DHS failed to either search those locations or provide any explanation for its failure to search those locations.

31. DHS therefore cannot disclaim its obligation to undertake a proper search for responsive records and to produce such records subject to appropriate and legitimate exemptions, otherwise the underlying purpose Congress sought to further through FOIA would be frustrated by the mere fact that an agency has multiple offices designated to receive and process FOIA requests.

32. Further DHS may not ignore fee waiver requests, nor may it fail to provide a legitimate basis for denying them or for classifying a request as commercial in nature. A failure to

properly provide a timely response to a FOIA request or a request for a fee waiver operates as a waiver of the agency's entitlement to fees.

**FIRST CLAIM FOR RELIEF**
**Seeking Declaratory Judgment**

33. Plaintiff re-alleges paragraphs 1-32 as if fully set out herein.

34. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business, because defendant has failed to substantively respond pursuant to *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013) or search properly for responsive records or to produce responsive records.

35. Plaintiff asks this Court to enter a judgment declaring that:

  a. DHS's correspondence as specifically described in plaintiff's FOIA request detailed, *supra*, is subject to release under FOIA;

  b. The Department must search for and release those requested records or segregable portions thereof subject to legitimate exemptions;

  c. The Department may not assess or seek costs and fees for the requests at issue in this case, as plaintiffs are entitled to a waiver of its fees.

**SECOND CLAIM FOR RELIEF**
**Seeking Injunctive Relief**

36. Plaintiff re-alleges paragraphs 1-35 as if fully set out herein.

37. Plaintiff is entitled to injunctive relief compelling defendant to search for and produce all records in its possession responsive to plaintiffs FOIA request detailed, *supra*, without fees, subject to legitimate withholdings.

38. Plaintiffs ask the Court to order the defendant to produce to plaintiff, within 10 business days of the date of the order, the requested records described in plaintiff's FOIA requests, subject to legitimate withholdings.

39. Plaintiffs ask the Court to order the parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiff receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with plaintiff's challenges to defendant’s withholds and any other remaining issues.

## THIRD CLAIM FOR RELIEF

### Seeking Costs and Fees

40. Plaintiff re-alleges paragraphs 1-39 as if fully set out herein.

41. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

42. Plaintiff is statutorily entitled to recover fees and costs incurred as a result of defendant’s refusal to fulfill the FOIA requests at issue in this case.

43. Plaintiff asks the Court to order the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiffs request the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 26th day of April, 2017,

_________/s/_______________

Matthew D. Hardin, Esq.
D.C. Bar No. 1032711
314 W Grace St., Ste. 308
Richmond, VA 23220
(804) 608-6456
MatthewDHardin@gmail.com

*Counsel for Plaintiffs*