# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MIDDLE EAST FORUM,** ) | |
| ) | |
| Plaintiff, ) | Case No. 17-cv-0767 (RCL/GMH) |
| ) | |
| v. ) | |
| ) | |
| **U.S. DEPARTMENT OF HOMELAND SECURITY,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

In this case, Plaintiff Middle East Forum seeks information from Defendant United States Department of Homeland Security ("Defendant" or "DHS") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. On March 5, 2018, resolving a dispute between the parties on the rate of the government's production of documents in response to Plaintiff's FOIA requests, the undersigned ordered the government to "process records responsive to Plaintiff's requests at a rate of at least 500 per month," make its first production on March 30, 2018, and on a rolling basis every 30 days until production is complete, as well as file periodic status updates. *Middle East Forum v. U.S. Dep't of Homeland Security*, 297 F. Supp. 3d 183, 187 (D.D.C. 2018).

On April 30, 2018, Plaintiff claimed that the March 30, 2018 production was defective because "all the records released [on that date] were previously released in November 2017, and such re-release of material was not in keeping" with the order of March 5, 2018. [Dkt. 32, ¶ 3]. The parties have not resolved that dispute, and Plaintiff therefore sought the intervention of the Court "to compel production of the ordered March 2018 release." [Dkt. 33, ¶ 3; Dkt. 34 at 4]. Defendant explains that the Court need not consider Plaintiff's application because, as noted in a

status report filed prior to the order of March 5, 2018, "the parties had agreed to prioritize a subset of records consisting of 3,368 potentially responsive pages," and the production of those documents will be completed this month. [Dkt. 35 at 1].

Defendant's point is well-taken. Considerations of judicial efficiency counsel against the Court wading into a dispute that will soon be resolved without its input. But Defendant's argument also indicates another reason to deny Plaintiff's requested relief. Prior to ruling on the parties' original dispute as to the rate of the government's production of documents to Plaintiff. The Court ordered the parties to "meet and confer to attempt to reduce the range of potentially responsive documents" from the 27,000 that the government had previously identified. Minute Order (Jan. 25, 2018). In response, Plaintiff "proposed and agreed to further narrow its request by reducing the number of custodians from five to three individuals," and also "requested that [Defendant] further prioritize review from those three individuals to records containing additional search terms that [Plaintiff] provided." [Dkt. 25, ¶ 2]. Implementation of those requests resulted in identification of 3,368 potentially responsive pages. *Id.*, ¶ 3. It was in the context of that reduction in scope to "approximately 3,400" responsive documents that the order of March 5, 2018, was decided. *Middle East Forum*, 297 F. Supp. 3d at 194.

There is no suggestion that the pages the government produced in its March 30, 2018 production were not from that collection of documents, culled in compliance with the parties' agreement. And the government has adequately countered Plaintiff's accusation that Defendant "merely redid work already done and directed [P]laintiff to the original results" [Dkt. 34 at 3], asserting that in response to the agreement on search terms and custodians, Defendant "ran the revised search on all the potentially responsive records that had originally been located." [Dkt. 35 at 1–2]. Rather, for the March production, it reviewed a 650-page document that comprised some

material that had previously been reviewed and some that had not. *Id.* The document had to be evaluated to see what could be released, as well as to determine whether any of its subparts had been released previously. *Id.* at 2. The government explains that it took "a significant amount of time and effort to figure out that some of the records had already been released or withheld and to ensure that its March production was consistent with prior releases." *Id.* at 2.

Because Defendant has complied with the order of March 5, 2018, the undersigned will not grant Plaintiff's request that the Court order Defendant to "properly process the 500 records it should have for March 2018 and release such records subject to the appropriate exemptions to FOIA." [Dkt. 34 at 4].

It is therefore

**ORDERED** that the parties shall submit their July status report as directed in the order of March 5, 2018; it is further

**ORDERED** that, by August 10, 2018, the parties shall meet and confer and determine whether additional productions or searches are necessary; it is further

**ORDERED** that the parties shall submit a status report on or before August 10, 2018, to report on the outcome of those discussions; it is further

**ORDERED** that a status conference shall be held on August 14, 2018, at 11:00 a.m., in Courtroom 6 at the E. Barrett Prettyman Courthouse.

**SO ORDERED.**

Date: July 12, 2018

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE